Chief Justice Robertson
delivered the Opinion of the Court.
In this case, the County Court of Spencer having, upon the application of Robert S. Campbell, authorized him to build a mill and erect therefor a dam across Bra-shears’ creek, at Taylorsville, James Wootten, (who resisted the application, and who owns and resides on a town lot near to the creek and to the site'of the contemplated dam, but not adjoining the creek,) prosecutes this appeal, for the purpose of setting aside the order for establishing the mill.
In the revision of the case, two questions only will be considered: — First. As none of Wootten’s land has been condemned, or will be overflowed, does the fact that the health of his family may be jeoparded by the erection of the dam, and the value of his lot may also be thereby impaired, give him such an interest in the subject matter as to authorize him to make himself a party to the record, and ask a reversal of the order of the County Court?
Second. Is the order erroneous?
First. The facts proved on the hearing of the case in this Court, conduce strongly to the conclusion, that the erection of the mill-dam will tend to generate disease, during a portion of summer and- autumn, by noxious effluvia which would be exhaled, during those seasons, from putrescent water, in the then stagnant pool made by the dam, and from the decomposition of masses of vegetable matter which will be then left above the dam, partially exposed to the action of the sun. And the most probable deduction from those facts is, that the health of the citizens of Taylorsville, and especially of the appellant and his family, will be injuriously affected, and the value of his property also impaired by the erection of the proposed dam.
*205 Such an interest is not that of the general public. It is rather peculiar and individual; and it seems to us that, to prevent such consequences to his family and property as may be reasonably apprehended from the erection of the dam, the appellant should be entitled to be a party, and to seek a reversal of the order for establishing the mill. And we are of the opinion, that every other citizen of Taylorsville who may be in imminent danger of a similar damage, would have had the same right to complain to this Court.
It has been argued, however, that, as the statute requires an inquisition respecting the injuriousness of stagnant water, unhealthy atmosphere produced by any other cause than stagnation of water, is insufficient to entitle any person, on that ground alone, to be a party to the procedure, and is an immaterial fact in the revision of the order establishing the mill; and that therefore, as the testimony in this case, tended to the conclusion that stagnant water alone will not produce malaria — unhealthiness resulting to the appellant and his neighbors from vegetable and animal matter which will be accumulated by the dam, is not provided for by the statute, and consequently should not be deemed a sufficient cause to entitle any of them to complain to this Court. But in this view we do not concur, for two reasons: — First. The statute requires an inquisition as to whether “ the health of the neighbors will be annoyed by the stagnation of the waters,” and forbids the establishment of a mill from the dam of which any such consequence would result. And surely this inquisition, and consequential interdict, should not be restricted to unhealthiness arising from stagnant water alone, but should be extended to all the morbific agencies arising from and accompanying the “stagnation” of the pool made by the mill-dam. Secondly. If the statute had not provided for such a contingency, we could not doubt that such an interest as that involved in this case would, upon common law principles, entitle the appellant to appeal to this Court, against a judicial order which may affect him so injuriously as to jeopard his health and impair the value of his real estate.
*206 Second. The probable tendency of the proposed dam to produce disease, would alone be sufficient cause for reversing the order of the County Court; because the Court had no power to authorize the erection of the dam, if the health of the neighborhood would be thereby “annoyed.”
But there is at least one other fatal error apparent on the face of the record itself: and that is, that there was no proof that the title to the bed of the creek where the dam was to be erected, was in either Campbell or the Commonwealth. See 2nd Vol. Stat. Law, 1212.
Wherefore, it is considered that the order for establishing the mill be annulled.